UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BRICKLAYERS INSURANCE AND
WELFARE FUND, et al.,

    Plaintiffs,

    -against-

MINHAS GENERAL CONTRACTORS
CO., LLC, et al.,

    Defendants.
------------------------------------------------------x
MINHAS GENERAL CONTRACTORS
CO. and MATLOOB KHAN,

    Third-Party Plaintiffs,

    -against-

F&S CONTRACTING LLC, FIDELITY &
DEPOSIT COMPANY OF MARYLAND,
and ZURICH AMERICAN INSURANCE
COMPANY,

    Third-Party Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-4783 (FB) (JO)

*Appearances:*
*For the Third-Party Plaintiffs:*
PETER L. AGOVINO
RAYMOND A. CASTRONOVO
Forchelli, Curto, Deegan, Schwartz,
Mineo & Terrana, LLP
333 Earle Ovington Blvd. Suite 1010
Uniondale, NY 11553

*For the Third-Party Defendants*
MARVIN SCHECHTER
MICHAEL D. GANZ
Tunstead & Schechter
500 North Broadway, Suite 101
Jericho, New York 11753

**BLOCK, Senior District Judge:**

Third-Party Plaintiffs Minhas General Contractors Company and Matloob Kahn (collectively, "Minhas") bring claims under New York contract law against F&S Contracting LLC, Fidelity and Deposit Company of Maryland, and Zurich American Insurance Company (collectively, "F&S"). F&S moves the court for summary judgment, and Minhas cross-moves for partial summary judgment. For the following reasons, both motions are denied.

A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

This case involves contract disputes arising from construction work in the New York City subway system. F&S entered into agreements with the Metropolitan Transportation Authority ("MTA"), acting through the New York City Transit Authority, to serve as the general contractor for projects in the Smith/9th Street subway station in Brooklyn and for the rehabilitation of several substation enclosures. Minhas subsequently entered into subcontract agreements with F&S to perform masonry work on the Smith/9th Street and substation projects.

Regarding the Smith/9th Street project, Minhas alleges that F&S caused substantial delays that thwarted Minhas's ability to fulfill its obligations under the subcontract. Indeed, the MTA terminated F&S's Smith/9th contract due to "F&S' abandonment of the project, its schedule delays, and the poor quality of F&S' work." (Minhas ex. 25). F&S seeks summary judgment on this claim because the terms of the subcontract preclude Minhas from receiving damages on a delay claim. But even if the contract does contain such an exculpatory clause, New York law would still allow Minhas to recover damages for:

> (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract. *Corinno Civetta Constr. Corp. v. City of New York*, 67 N.Y.2d 297, 309 (1986).

Genuine issues of material fact remain as to whether F&S's conduct fits within one of the above exceptions. Additionally, factual issues remain regarding the extent of the actual damage caused by F&S's delays, *Triangle Sheet Metal Works, Inc. v. James H. Merrit & Co.*, 79 N.Y.2d 801, 802 (1991) ("[A] prime contractor is not responsible for delays that its subcontractor may incur unless those delays are caused by some agency or circumstance under the prime contractor's direction or control."), or alternatively, the reasonable value of Minhas's work. *See Whitmyer*

*Bros. v. State of New York*, 47 N.Y.2d 960, 962 (1979) (awarding damages measured by quantum meruit for a construction delay claim).

With respect to both the Smith/9th Street and substations projects, Minhas alleges that it is entitled to payment for sums above the subcontract prices because F&S insisted that Minhas perform extra work, which it did perform. F&S argues that the subcontracts prevent claims for extra work that were not authorized in writing, and that Minhas is liable to F&S for backcharges. While the subcontracts do contain a no-oral-modification clause, "[u]nder New York law, oral directions to perform extra work, or the general course of conduct between the parties, may modify or eliminate contract provisions requiring written authorization or notice of claims." *Barsotti's, Inc. v. Consol. Edison Co. of N.Y.*, 254 A.D.2d 211, 212 (1st Dep't 1998); *see also Universal/MMEC, Ltd. v. Dormitory Auth. of N.Y.*, 50 A.D.3d 352, 353 (1st Dep't 2008) ("Plaintiff failed to establish *a course of conduct that eliminated the contract provisions* requiring change order work to be in writing" (emphasis added) (citing *Barsotti's*, 254 A.D.2d 211)). Genuine issues of material fact remain regarding Minhas's performance of its contractual obligations, and whether, and to what extent, those obligations were expanded by a course of conduct that eliminated the contract provision requiring written authorization.

Accordingly, the motions for summary judgment are denied.

**SO ORDERED.**

/S/ Frederic Block           
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 6, 2015